GEOFFREY BECKER, 70110
BECKER & BECKER
1370 Reliez Valley Road
Lafayette, California 94549
Telephone: [925] 939-9041
geoffrey.becker@comcast.net
Fax: 925-943-5477

Attorney for Plaintiff, Jesus Lopez

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Lopez, for himself and as the Guardian ad Litem for Edgar Lopez, Alexandra Lopez and Gretsandy Lopez, his minor children<br><br>Plaintiff,<br><br>vs.<br><br>Contra Costa Regional Medical Center and County of Contra Costa,<br><br>Defendants. | **First Amended Complaint for Violation of EMTALA and for Medical Negligence**<br><br>**Demand for jury trial** |

1. Jurisdiction

The court's jurisdiction to hear this case arises from 42 U.S.C. §1331 and the fact that the defendants violated decedent's rights pursuant to 42 U.S.C. § 3955dd.

2. Intradistrict Assignment

The defendants are the Contra Costa Regional Medical Center and the County of Contra Costa. The plaintiff is a resident of Contra Costa County and assignment to the San Francisco or Oakland branch is requested.

///

///

1

First Amended Complaint for Violation of EMTALA and for Medical Malpractice

## FIRST CLAIM FOR RELIEF

1. At all times relevant, the Contra Costa Regional Medical Center was owned and operated by the County of Contra Costa, and is a hospital governed by the provisions of 42 U.S.C. § 3955dd.

2. The plaintiff is Jesus Lopez, for himself and as Guardian ad Litem for his minor children. Plaintiff submitted a claim to the County of Contra Costa which was rejected on March 13, 2012.

3. Plaintiff avers that on September 29, 2011, at or around 11:05 p.m., Sandra Lopez, plaintiff's wife and mother of his minor children, went to the defendants' labor and delivery department in active labor.

4. Thirty minutes later, labs results showed that Sandra Lopez was suffering from a syndrome known as HELLP which stands for HEMOLYSIS, ELEVATED LIVER ENZYME AND LOW PLATELET COUNT. Approximately ten minutes later, Sandra Lopez gave birth to Gretsandy Lopez and shortly thereafter, the physician who delivered the baby learned that Sandra Lopez was suffering from HELLP.

5. Defendants knew that the HELLP syndrome could be fatal if not properly treated by qualified health care providers in the defendants' Intensive Care Unit and for that reason, the defendants ordered Sandra Lopez to be transferred to their Intensive Care Unit.

6. Two and a half hours after delivery and the detection of the HELLP syndrome, Sandra Lopez was not transferred to the Intensive Care Unit because a bed was not available. Instead, Sandra Lopez was transferred from the labor and delivery department to room 5CP16 for postpartum care and not for the stabilization of her HELLP syndrome. When the transfer occurred, defendants knew that:

   a. Sandra Lopez was suffering from life threatening emergency medical conditions caused by the HELLP syndrome which required stabilization by its Intensive Care Unit or by a nearby Intensive Care Unit;

   b. The emergency medical conditions had not been stabilized within the meaning of

First Amended Complaint for Violation of EMTALA and for Medical Malpractice

42 U.S.C. § 3955dd and 42 C.F.R.§ 489.24 in that the defendants did not, within the capabilities of the staff and facilities available at the Contra Costa Regional Medical Center provide for further medical examination and treatment as required to stabilize the aforesaid emergency medical conditions. In fact, treatment to stabilize the HELLP syndrome was not provided.

7. The transfer to room 5CP16 on the postpartum floor was made for the purpose of providing postpartum care and was not made for the purpose of stabilizing the HELLP syndrome. The defendants knew the emergency medical conditions could not be stabilized without admission to an Intensive Care Unit and no attempt was made to transfer Sandra Lopez after it was determined that a bed was not available in the defendants' Intensive Care Unit.

8. Pursuant to 42 U.S.C. § 3955dd and 42 C.F.R.§ 489.24, the defendants were required to stabilize the medical conditions associated with HELLP or to transfer Sandra Lopez to another hospital and they did not.

9. As a direct and proximate result of the failure to transfer Sandra Lopez to another Intensive Care Unit and the failure to stabilize her emergency medical conditions, Sandra Lopez died.

10. Plaintiff, Jesus Lopez, and his children have been damaged by Sandra Lopez' death in that they have has lost the care, comfort, society and emotional support they received from her along with the financial support and household services she provided. The exact amount of these damages is currently not known but is in excess of $5,000,000.00.

SECOND CLAIM FOR RELIEF

11. Plaintiff re-allege and incorporate by this reference, paragraphs 1 through 5 of the first claim for relief as though set forth fully herein.

12. Defendants, or its agent(s), employed physicians, nurses and other staff who provided care, treatment and other services to Sandra Lopez. All of their negligent acts were performed in the course and scope of their employment or other relationship with the defendants.

13. Defendants and its physicians, nurses and other staff failed to provide the care and treatment required by the standard of care for the treatment of Pre-eclampsia, Eclampsia and

3

First Amended Complaint for Violation of EMTALA and for Medical Malpractice

HELLP syndrome. In addition, they failed to advise Sandra Lopez and her husband, in accordance with the applicable standard of care, that she had been diagnosed with Pre-eclampsia when she delivered her second child and they failed to monitor her pregnancy for Pre-eclampsia.

14. As a direct and proximate result of the aforesaid breaches of the standard of care, Jesus Lopez and his minor children have been damaged in that they have has lost the care, comfort, society and emotional support they received from Sandra Lopez along with the financial support and household services she provided. The exact amount of these damages is currently not known but is in excess of $750,000.00.

## DEMAND FOR RELIEF

1. Plaintiff prays for general and special damages in the first claim for relief in the amount of $5,000,000.00;

2. Plaintiff prays for general and special damages in the second claim for relief in the amount of $750,000.00;

## REQUEST FOR JURY TRIAL

Plaintiff asks that the facts be decided by a jury.

Dated: November 5, 2012

_Geoffrey Becker_
Geoffrey Becker
Attorney for Jesus Lopez