UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JESUS LOPEZ, for himself and as the Guardian ad Litem for EDGAR LOPEZ, ALEXANDRA LOPEZ, and GRETSANDY LOPEZ, his minor children,<br><br>                        Plaintiff,<br>            v.<br><br>CONTRA COSTA REGIONAL MEDICAL CENTER and COUNTY OF CONTRA COSTA,<br><br>                        Defendants.<br>_____/ | No. C 12-03726 LB<br><br>**ORDER SETTING NEW BRIEFING SCHEDULE**<br><br>[ECF No. 33] |

This case involves Plaintiff Jesus Lopez's claims against the Contra Costa Regional Medical Center ("CCRMC") for violating the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and state malpractice law after Mr. Lopez's wife (and his minor children's mother) died from complications after she gave birth. ECF No. 21.[1] CCRMC moved for summary judgment. Discovery has not closed, and in his opposition, Mr. Lopez points out that he did not have responses to his interrogatories regarding issues raised by his arguments about good-faith admission under EMTALA. Opposition, ECF No. 34 at 9. CCRMC responds that discovery responses would not alter the outcome. Reply, ECF No. 36 at 65.

---

[1] Citations generally are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER (C 12-03726 LB)

As the court said in its order denying CCRMC's motion to dismiss, it understands CCRMC's legal argument that liability ended when Mrs. Lopez was admitted to labor and delivery on the night of September 29, 2011. The court also recognized the tension between 42 C.F.R. § 489.24(a)(1)(i)'s absolute cut-off of EMTALA liability at admission and 42 C.F.R. § 489.24(d)(2)(i)'s cut-off of EMTALA liability for a good-faith admission to stabilize. Given section 489.24(a)(1)(i)'s explicit cross-reference to section 489.24(d)(2)(i), the court did not resolve the issue at the pleadings stage, instead electing to wait until summary judgment. The idea was to decide the issue in the context of the facts. *See* Order, ECF No. 26 at 10-11 & n.11. The court also noted issues of fact appropriate for summary judgment: (1) whether the delivery department was an emergency department; (2) whether Mrs. Lopez was a patient before she was admitted to a post-partum floor; (3) whether Mrs. Lopez had an emergency medical condition that CCRMC detected; and (4) whether the hospital admitted Mrs. Lopez, knowing that did not have the ability to stabilize her (and thus that the admission was not made in good faith to stabilize her under the EMTALA). *Id.* at 10-11.

Some of these facts have been illuminated by the medical records. Mr. Lopez nonetheless maintains that he did not have sufficient discovery to address the issue of good faith. The court understands that CCRMC's position is that it does not matter in the context of what these records show. Nonetheless, given that fact discovery has not closed, and to ensure a clean record, the court will not hear a summary judgment motion until after fact discovery has closed. Given that outcome, the court vacates the November 21 summary judgment hearing, reiterates the previously-set discovery cut-offs (set based on the parties' input), and sets the following schedule, which includes dates for new opposition and reply briefs.

| Case Event | Date |
| --- | --- |
| Fact Discovery Completion Date and Expert Disclosures | 1/16/2014 |
| Rebuttal Expert disclosures | 1/31/2014 |
| Plaintiff's Opposition Brief | 1/31/2014 |
| Defendants' Optional Reply | 2/7/2014 |
| Hearing on Summary Judgment Motion | 2/20/2014, 9:30 a.m. |

All other deadlines will remain in effect.

**IT IS SO ORDERED**.

Dated: November 18, 2013

_____
LAUREL BEELER
United States Magistrate Judge