1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

San Francisco Division

| | |
|---|---|
| JESUS LOPEZ, for himself and as the Guardian ad Litem for EDGAR LOPEZ, ALEXANDRA LOPEZ, and GRETSANDY LOPEZ, his minor children, | No. C 12-03726 LB |
| | **ORDER** |
| Plaintiff, | |
| v. | |
| CONTRA COSTA REGIONAL MEDICAL CENTER and COUNTY OF CONTRA COSTA, | |
| Defendants. | |
| _____/ | |

This case involves Plaintiff Jesus Lopez's claims against the Contra Costa Regional Medical Center ("CCRMC") for violating the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and state malpractice law after Mr. Lopez's wife (and his minor children's mother) died from complications after she gave birth.  ECF No. 21.[1]  CCRMC moved for summary judgment.

The court previously continued the hearing date because discovery has not closed, and Plaintiff's counsel said in his opposition that he did not have responses to his interrogatories regarding issues relevant to his arguments about good-faith admission under EMTALA.  Opposition, ECF No. 34 at

---

[1] Citations generally are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

9. Now the parties ask the hearing to go forward because the discovery responses did not provide information about the time transfer or admission to the ICU was requested.  ECF No. 42.

The fundamental problem that the court had with summary judgment before the discovery cut-off is that the parties disagree about what the facts show, and Mr. Lopez argued that he has not been able to develop the factual record sufficiently to show his case.  In the earlier order, the court's solution to that was to allow more fact and expert discovery before ruling on the summary judgment motion.  The parties' most recent submission asks that the hearing go ahead because Defendant has no more evidence regarding the time that CCRMC requested transfer/admission to the ICU. *See* ECF No. 42.  That does not ameliorate the court's concern about deciding the motion prematurely because there may be more at issue than just the time of a request for transfer/admission to the ICU.  This case involves fact and expert evidence and the court's view is that it will not have a summary judgment motion before discovery closes.

There are two solutions.  The first is the briefing schedule that the court imposed.  The second is for the parties to stipulate that fact and expert discovery is closed.  If the parties choose option two, they must file a stipulation that they have advanced the fact, expert, and rebuttal expert disclosures to today.  That way, the court has a record that no one can argue could have been supplemented. The parties must file that stipulation today, and if they do so, and depending on the strength of Mr. Lopez's waiver, the court will consider putting the matter back on calendar for Thursday at 9:30 a.m.  The stipulation should include a proposed order to re-calendar the case.

**IT IS SO ORDERED**.

Dated: November 18, 2013

_____
LAUREL BEELER
United States Magistrate Judge