1

2

3

4

5

6

7

8                UNITED STATES  DISTRICT COURT

9                  Northern District of California

10                    San Francisco Division

11   JESUS LOPEZ, for himself and as the          No. C 12-03726 LB
     Guardian ad Litem for EDGAR LOPEZ,
12   ALEXANDRA LOPEZ, and GRETSANDY
     LOPEZ, his minor children,                   **ORDER DENYING PLAINTIFFS'**
13                                                 **MOTION FOR SUMMARY**
                          Plaintiff,              **JUDGMENT**
14          v.                                     [ECF No. 73]

15   CONTRA COSTA REGIONAL MEDICAL
     CENTER and COUNTY OF CONTRA
16   COSTA

17                        Defendants.

18   _____/

19                         **INTRODUCTION**

20       Plaintiff Jesus Lopez in his individual capacity and as the guardian ad litem for his three minor

21   children Edgar, Alexandra, and Gretsandy Lopez, sued Defendants Contra Costa Regional Medical

22   Center and County of Contra Costa (together, "CCRMC") for medical malpractice and for violating

23   the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd,

24   following the death of Mr. Lopez's wife from complications after she gave birth at Contra Costa

25   Regional Medical Center.  ECF No. 21.[1]  On February 28, 2014, the court granted CCMRC's motion

26

27   _____

28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   for partial summary judgment on the EMTALA claim but exercised supplemental jurisdiction over

2   the remaining medical malpractice claim. *See* Order, ECF No. 59.  Now, Plaintiffs move for partial

3   summary judgment, arguing that the non-economic damages cap in California's Medical Injury

4   Compensation Reform Act ("MICRA"), California Civil Code section 3333.2, expired prior to

5   Plaintiffs' claim accruing. *See* Motion for Partial Summary Judgment ("Motion"), ECF No. 73.  The

6   court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b).

7   For the reasons discussed below the court **DENIES** Plaintiffs' motion.

8                                               **STATEMENT**

9   **I.  BACKGROUND**

10      The court's previous order granting CCRMC's motion for partial summary judgment set out the

11  underlying facts in detail. *See* Order, ECF No. 58 at 2-10.  In summary, Plaintiffs are the surviving

12  spouse and minor children of decedent Sandra Lopez.  On September 29, 2011, Mrs. Lopez went to

13  Contra Costa County Medical Center's Labor and Delivery Department and gave birth to a baby

14  girl. *See id.* at 3-4.  Mrs. Lopez showed signs of severe preeclampsia with elevated liver enzymes.

15  *Id.* After giving birth, she was transferred to a postpartum unit. *Id.* Mrs. Lopez's symptoms

16  appeared to improve, but worsened the next morning. *Id.* at 4-6.  Doctors ordered her to be

17  transferred to CCRMC's Intermediate Care Unit. *Id.* at 6.  She suffered a tonic-clonic seizure while

18  she was being transferred to the ICU. *Id.* Mrs. Lopez died from the seizure and related intracranial

19  hemmorrhage. *Id.* at 7.

20  **II.  PROCEDURAL HISTORY**

21      Mr. Lopez filed his lawsuit suit in July 2012, alleging EMTALA and medical malpractice

22  claims, and the court appointed him guardian ad litem for his three minor children. *See* Compl.,

23  ECF No. 1; Order, ECF No. 7.  The court dismissed Plaintiffs' first two complaints for failure to

24  state an EMTALA claim. *See* Orders, ECF Nos. 14, 20.  The court thereafter denied CCRMC's

25  motion to dismiss the Second Amended Complaint, holding that it plausibly pleaded that an

26  EMTALA violation.  Order, ECF No. 26 at 9.

27      On May 15, 2013, CCRMC answered the Second Amended Complaint. *See* Answer, ECF No.

28  27.  It asserted nine affirmative defenses, including the following:

UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3
> The answering defendant may elect to claim the benefits of the provisions of California Civil Code sections 3333.1, 3333.2, 1431.2, 1714.8, California Code of Civil Procedure section 667.7, and California Business and Professions Code section 6146 and offer evidence relating thereto.

4   Answer, ECF No. 27 at 3.

5        CCRMC filed a motion for summary judgment on September 24, 2013.  *See* CCRMC's

6   Summary Judgment Motion, ECF No. 33.  After an extended briefing schedule, the court held a

7   hearing on the motion on February 20, 2014.  *See* ECF Nos. 33-36, 38, 53-55 (summary judgment

8   briefing); 2/20/2014 Minute Entry, ECF No. 57.  On February 28, 2014, the court granted CCRMC's

9   motion for summary judgment but retained supplemental jurisdiction over Plaintiffs' medical

10  malpractice claim.  Order, ECF No. 58 at 29.

11       On July 30, 2014, Plaintiffs filed the pending summary judgment motion ("Motion"), ECF No.

12  73.  The motion is fully briefed.  *See* Opp'n, ECF No. 74; Reply, ECF No. 75.

13                                    **ANALYSIS**

14       Plaintiffs move for partial summary judgment on the ground that MICRA's cap of $250,000 on

15  noneconomic damages for claims based on the professional negligence of health care providers is

16  invalid.  *See* Motion, ECF No. 73 at 1.  Plaintiffs contend that the phrase "now and into the

17  foreseeable future" in the preamble to the statute (1) indicates that the provision expired before this

18  action accrued or (2) is unconstitutionally vague.

19  **I. STANDARDS**

20     **A. Summary Judgment**

21       A court should grant a motion for summary judgment if there is no genuine issue of material

22  fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a);

23  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Material facts are those that may

24  affect the case's outcome.  *Anderson*, 477 U.S. at 248.  A dispute about a material fact is genuine if

25  there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.  *Id.* at

26  248-49.

27       The party moving for summary judgment has the initial burden of informing the court of the

28  basis for the motion and identifying those portions of the pleadings, depositions, answers to

UNITED STATES DISTRICT COURT
For the Northern District of California

1    interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material

2    fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party

3    must either produce evidence negating an essential element of the nonmoving party's claim or

4    defense or show that the nonmoving party does not have enough evidence of an essential element to

5    carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*

6    *Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076

7    (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need

8    only point out 'that there is an absence of evidence to support the nonmoving party's case.'")

9    (quoting *Celotex*, 477 U.S. at 325).

10      If the moving party meets its initial burden, the burden shifts to the non-moving party, which

11    must go beyond the pleadings and submit admissible evidence supporting its claims or defenses and

12    showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Nissan Fire*,

13    210 F.3d at 1103; *Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence

14    to show a genuine issue of material fact, the moving party is entitled to summary judgment. *See*

15    *Celotex*, 477 U.S. at 323. In ruling on a motion for summary judgment, inferences drawn from the

16    underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec.*

17    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

18    **B. MICRA**

19      California enacted the Medical Injury Compensation Reform Act in 1975, "in response to a

20    medical malpractice insurance 'crisis,' which it perceived threatened the quality of the state's health

21    care." *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*, 8 Cal. 4th 100, 111 (1994)).

22    The statute "reflects a strong public policy to contain the costs of malpractice insurance by

23    controlling or redistributing liability for damages, thereby maximizing the availability of medical

24    services to meet the state's health care needs." *Id.* at 112. The preamble to MICRA states, in part:

25      The Legislature finds and declares that there is a major health care crisis in the State of
      California attributable to skyrocketing malpractice premium costs and resulting in a potential

26      breakdown of the health delivery system, severe hardships for the medically indigent, a
      denial of access for the economically marginal, and depletion of physicians such as to

27      substantially worsen the quality of health care available to citizens of this state. The
      Legislature, acting within the scope of its police powers, finds the statutory remedy herein

28      provided is intended to provide an adequate and reasonable remedy within the limits of what

1  the foregoing public health and safety considerations permit now and into the foreseeable
2  future.

3  1975 Cal. Stat. 4007.

4  California Civil Code section 3333.2 was enacted in 1975 as part of MICRA.  It caps the

5  noneconomic damages available in medical malpractice actions at $250,000, as follows:

6  (a) In any action for injury against a health care provider based on professional negligence,
   the injured plaintiff shall be entitled to recover noneconomic losses to compensate for pain,
7  suffering, inconvenience, physical impairment, disfigurement and other nonpecuniary
   damage.
8
   (b) In no action shall the amount of damages for noneconomic losses exceed two hundred
9  fifty thousand dollars ($250,000).

10 (c) For the purposes of this section:

11    (1) "Health care provider" means any person licensed or certified pursuant to
      Division 2 (commencing with Section 500) of the Business and Professions Code, or
12    licensed pursuant to the Osteopathic Initiative Act, or the Chiropractic Initiative Act,
      or licensed pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of
13    the Health and Safety Code; and any clinic, health dispensary, or health facility,
      licensed pursuant to Division 2 (commencing with Section 1200) of the Health and
14    Safety Code. "Health care provider" includes the legal representatives of a health care
      provider;
15
      (2) "Professional negligence" means a negligent act or omission to act by a health
16    care provider in the rendering of professional services, which act or omission is the
      proximate cause of a personal injury or wrongful death, provided that such services
17    are within the scope of services for which the provider is licensed and which are not
      within any restriction imposed by the licensing agency or licensed hospital.
18

19 Cal. Civil Code § 3333.2.

20 **II.  WHETHER MICRA'S DAMAGES CAP EXPIRED**

21 Plaintiffs' motion for summary judgment seeks a judicial determination that MICRA's cap on

22 noneconomic damages expired of its own accord at the end of "the foreseeable future," as measured

23 from MICRA's 1975 enactment.  Motion, *passim*.  Plaintiffs do not ask the court to determine

24 precisely when "the foreseeable future" ended, just that it did before their cause of action accrued.

25 *Id.* at 3.  Plaintiffs rely on the phrase "the foreseeable future" in MICRA's uncodified statutory

26 preamble.  *See* 1975 Cal. Stat. 4007 (quoted above).

27 In construing California statutes, the court's "fundamental task is to ascertain the intent of the

28 lawmakers so as to effectuate the purpose of the statute."  *People v. Gutierrez*, 58 Cal. 4th 1354,

UNITED STATES DISTRICT COURT
For the Northern District of California

1369 (2014) (internal quotation marks and citation omitted).  The court must "begin by examining the statutory language because it generally is the most reliable indicator of legislative intent." *Id.* The court gives "the language its usual and ordinary meaning, and if there is no ambiguity, then [the court] presume[s] the lawmakers meant what they said, and the plain meaning of the language governs." *Id.* (alterations and quotation marks omitted).  Only if the statute is ambiguous may the court "resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." *Id.*

The court first considers the plain language of the statute.  On its face, section 3333.2 contains no expiration date.  Plaintiffs do not dispute this or argue that the statute is ambiguous on this point. Moreover, California courts continue to apply section 3333.2 and uphold its constitutionality.  *See, e.g., Stinnett v. Tam*, 198 Cal. App. 4th 1412, 1432-33 (2011) (affirming that § 3333.2 did not violate equal protection and discussing other cases interpreting the statute).  Accordingly, Plaintiffs have not met their burden of demonstrating that section 3333.2 has expired.

Instead of relying on the language of the statute, Plaintiffs argue that a sentence in the uncodified statutory preamble demonstrates legislative intent to limit MICRA's duration.  *See* Motion at 3.  The California Court of Appeals has explained the precedential value of a statutory preamble.  *See Yeager v. Blue Cross of California*, 175 Cal. App. 4th 1098 (2009).  "Legislative findings and statements of purpose in a statute's preamble can be illuminating if a statute is ambiguous.  But a preamble is not binding in the interpretation of the statute.  Moreover, the preamble may not overturn the statute's language." *Id.* at 1103 (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1118 (1999)).  Similarly, "broad and vague statements of purpose cannot overcome the plain language of express statutory provisions." *In re Abbigail A.*, 226 Cal. App. 4th 1450, 1458 (2014), review filed (July 28, 2014).

Because the plain language of section 3333.2 is unambiguous, its meaning controls and the court does not consider the preamble.  Plaintiffs nonetheless contend that the court should consider the preamble "if the statute is silent as to an expiration date when the statute is enacted pursuant to the police power addressing a specific problem that cannot foreseeably last forever." Motion at 3.  The court disagrees.  First, Plaintiffs provide no authority for this position.  Second, the Legislature's

UNITED STATES DISTRICT COURT
For the Northern District of California

1    refusal to provide an expiration date "is not ambiguity – it is silence.  [The court] may not make a

2    silent statute speak by inserting language the Legislature did not put in the legislation."  *Yeager*, 175

3    Cal. App. 4th at 1103 (refusing to construe statute that required health plan to "offer coverage" as

4    requiring a certain amount of coverage because the statute was silent as to the amount of coverage

5    required).  Accordingly, the plain language of the statute controls.

6         Even if the statute were ambiguous, the preamble would not support Plaintiffs' interpretation.  In

7    relevant part, the preamble states:  "The Legislature, acting within the scope of its police powers,

8    finds the statutory remedy herein provided is intended to provide an adequate and reasonable

9    remedy within the limits of what the foregoing public health and safety considerations permit now

10   and into the foreseeable future."  1975 Cal. Stat. 4007.  This sentence does not mean that the

11   Legislature intended for the noneconomic damages cap to last "for a period of time determined by

12   the 'foreseeable future,'" as Plaintiffs suggest.  *See* Motion at 4.  Rather, it says that the Legislature

13   intended for MICRA to provide an appropriate remedy, given the current and foreseeable public

14   health and safety considerations.  At most, the sentence indicates:  (1) legislative intent to limit

15   MICRA's duration only if the public health and safety considerations diminish to the point they no

16   longer justify the remedy and (2) a finding that this would not occur in the foreseeable future.  Thus,

17   even if the preamble were binding in the interpretation of the statute, it would not support Plaintiffs'

18   position.

19        Finally, even if the court accepted Plaintiffs' interpretation of the preamble and gave the

20   preamble controlling weight in interpreting the statute, it would deny Plaintiffs' motion.  Plaintiffs

21   argue that section 3333.7 has expired because it was enacted in 1975 and "[i]t is possible to forecast

22   several years into the future but it is not possible to forecast 36 years into the future."  Motion at 3.

23   Plaintiffs do not cite any authority in support of their position and, thus, fail to meet their burden on

24   summary judgment.  Nor is the court inclined to upend California's medical malpractice regime

25   based solely on *ipse dixit*.

26        Alternatively, Plaintiffs argue "that MICRA is unconstitutionally vague because its duration is

27   ambiguous."  Motion at 4.  "If the court is not able to determine what 'foreseeable future' means in

28   the context of the legislature's exercise of its police power, then MICRA is impermissibly vague."

1   *Id.* Plaintiffs fail to provide any legal authority for this position. As discussed above, the language

2   to which Plaintiffs object is from the uncodified preamble, not the operative statute, and does not

3   support Plaintiffs' interpretation. Accordingly, the cited language does not render section 3333.2

4   impermissibly vague.

5                                    **CONCLUSION**

6       The court **DENIES** Plaintiffs' motion for summary judgment. This disposes of ECF No. 73.

7       **IT IS SO ORDERED**.

8   Dated: September 2, 2014

9                                    _____
                                     LAUREL BEELER
                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28