UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ, for himself and as Guardian *ad Litem* for EDGAR LOPEZ, ALEXANDRA LOPEZ, and GRETSANDY LOPEZ, his minor children,<br><br>Plaintiffs,<br><br>v.<br><br>CONTRA COSTA REGIONAL MEDICAL CENTER, and COUNTY OF CONTRA COSTA<br><br>Defendants. | Case No.  12-cv-03726-LB<br><br>**ORDER APPROVING COMPROMISE OF MINORS' CLAIMS**<br><br>[ECF No. 94] |

## INTRODUCTION

Plaintiff Jesus Lopez, for himself and as guardian *ad litem* for his three minor children, plaintiffs Edgar, Alexandra, and Gretsandy Lopez, sued the defendants for medical malpractice following the death of Mr. Lopez's wife from complications during childbirth. (2nd Am. Compl. – ECF No. 21.)[1] The parties have settled their dispute. (The essential terms of that settlement are discussed below; the full terms appear at ECF No. 94 at 6-8.) Mr. Lopez now asks the court to approve the settlement of the minor Lopez children's claims. (ECF No. 94.) The defendants do not oppose Mr. Lopez's request. (ECF No. 96.) For the reasons stated below, the court grants Mr. Lopez's petition and approves the settlement. The court finds this matter suitable for determination

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER – 12-3726 LB

without oral argument and vacates the hearing that is currently set for January 22, 2015. *See* Civ. L.R. 7-1(b).

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

The *Robidoux* court did not express a view on the proper approach for federal courts to take when sitting in diversity and considering approval of a minor's state-law claims. *Robidoux*, 638 F.3d at 1179 n. 2. Following summary-judgment practice, the only claims remaining in this case are under California state law. (*See* ECF No. 59.) The court nevertheless looks to the Ninth Circuit's guidance in *Robidoux* in assessing the present settlement. Like federal law, California law also requires its courts to approve the settlement of minors' claims. *See* Cal. Civ. Proc. Code § 372; Cal. Prob. Code § 3600.

## ANALYSIS

The minor Lopez plaintiffs, through their father as guardian *ad litem*, have agreed to settle their claims. The present value of the gross settlement with all plaintiffs is $375,000. (ECF No. 94 at 2.) Under the settlement, the Lopez children will receive the following net amounts: (1) Edgar Lopez, the eldest child, will receive $36,666.66; (2) Alexandra Lopez will receive $26,666.66; and (3) Gretsandy Lopez will receive $26,666.66. (ECF No. 95 at 1-2.) These amounts account for litigation costs; the settlement also provides for attorney's fees (as constrained by California's Medical Injury Compensation Reform Act). (*See* ECF No. 94 at 2-4.) The settlement will be structured as periodic payments from a single-premium deferred annuity. (*Id.* at 1.) California allows structured settlements of this type for minors' claims. *See* Cal. Prob. Code § 3602.

After reviewing the papers submitted, the court finds the amounts and other features of the settlement to be fair and reasonable, in light of the facts of this case, the minor Lopez plaintiffs' claims, and recoveries in similar cases. The court also finds that the settlement is in the Lopez children's best interests. The court accordingly grants Mr. Lopez's petition and approves the settlement.

## CONCLUSION

The petition to approve the settlement is granted. The approved settlement is ordered on the following terms:

1. The compromise of Edgar Lopez's claim in the amount of $36,666.66 is approved. The defendants will pay Edgar Lopez, through his assignee, Pacific Life & Annuity Services, $6,500.00 on January 14, 2019, $6,500.00 on January 14, 2020, $8,632.30 on January 14, 2021 and $8,632.30 on January 14, 2022. Attorney's fees for work attributable to Edgar's claims in the amount of $9,166.66 payable to Becker & Becker are approved. Becker & Becker is authorized to disburse these fees from the client's trust account held at the Wells Fargo Bank.

2. The compromise of Alexandra Lopez's claim in the amount of $26,666.66 is approved. The defendants will pay Alexandra Lopez, through her assignee, Pacific Life & Annuity Services, $6,500.00 on August 28, 2026, $6,500.00 on August 28, 2027, $8,542.77 on

August 28, 2028 and $8,542.77 on August 28, 2029. Attorney's fees for work attributable to Alexandra's claims in the amount of $6,666.66 payable to Becker & Becker are approved. Becker & Becker is authorized to disburse these fees from the client's trust account held at the Wells Fargo Bank.

3. The compromise of Gretsandy Lopez's claim in the amount of $26,666.66 is approved. The defendant will pay to Gretsandy Lopez, through its assignee, Pacific Life & Annuity Services, $6,500.00 on August 29, 2029, $6,500.00 on August 29, 2030, $10,180,41 on August 28, 2031 and $10,180,41 on August 28, 2032. Attorney's fees for work attributable to Gretsandy's claims in the amount of $6,666.66 payable to Becker & Becker are approved. Becker & Becker is authorized to disburse these fees from the client's trust account held at the Wells Fargo Bank.

The court directs the parties to file, by March 6, 2015, either: (1) a stipulated dismissal under Federal Rule of Civil Procedure 41(a); or (2) a joint status update explaining why a stipulated dismissal has not yet been filed.

This disposes of ECF No. 94.

**IT IS SO ORDERED**.

Dated: January 9, 2015

_____
Laurel Beeler
United States Magistrate Judge